**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CHASE WILSON, as Personal Representative of the Estate of JERRETT GRAY, JR., Deceased,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, AUSTIN KIRBY,<br><br>Defendants. | Case No. 1:26-cv-01326-MPB-MJD |

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

Defendants Consolidated City of Indianapolis and Marion County and Austin Kirby, by counsel, for their Answer to Plaintiff's Complaint state:

### I.    INTRODUCTION

1.    Chase Wilson, as Personal Representative of the Estate of Jerrett Gray Jr. (the "Estate") brings this action against the Consolidated City of Indianapolis and Marion County (the "City"), and Indianapolis Metropolitan Police Department ("IMPD") officer Austin Kirby ("Kirby") for damages for constitutional violations under 42 U.S.C. § 1983 and various state law claims seeking all damages recoverable under the law for the shooting and killing of Jerrett on May 28, 2024.

**ANSWER:**   Paragraph 1 alleges no allegations which require a response from the Defendants. To the extent a response is required, Defendants admit only that the

Estate purports to bring claims for constitutional violations under 42 U.S.C. § 1983

"and various state law claims" against Defendants in this action. Defendants deny

any other allegations and more specifically deny that they violated any federal or

state laws.

2.      Kirby fired approximately 20 shots at Jerrett Gray Jr. ("Jerrett") as he

pursued Jerrett through the parking lot of an occupied apartment complex. Several of

Kirby's shots hit Jerrett in the back as he fled. Jerrett eventually collapsed to the

ground. Kirby continued to shoot Jerrett, even as Jerrett lay on the ground. Jerrett

died from the gunshot wounds.

**ANSWER:**   Defendants admit that Defendant Kirby fired at Jerrett in a

parking lot. Defendants lack knowledge or information sufficient to form a belief

about the truth of the remaining allegations in paragraph 2.

## II.      JURISDICTION AND VENUE

3.      The actions set forth herein occurred in Indianapolis, Marion County,

Indiana.

**ANSWER:**   Defendants admit that the shooting incident occurred in

Indianapolis, Marion County, Indiana, and deny any remaining allegations in

paragraph 3.

4.      This Court has original subject matter jurisdiction.

**ANSWER:**   Defendants admit only that the Estate purports to bring claims

arising under federal law and that this Court, therefore, has jurisdiction over this

2

action. Defendants deny any other allegations and more specifically deny that they violated any federal or state laws.

5.      This Court has venue over this action pursuant to Indiana Rule of Trial Procedure 75 (A).

**ANSWER:**   Defendants admit that the Indianapolis Division is the proper venue and deny the remaining allegations in paragraph 5.

6.      Plaintiff filed a timely Tort Claim Notice on the Defendants.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

### III.   PARTIES

7.      Chase Wilson was appointed the Personal Representative of the wrongful death estate of Jerrett on April 28, 2026 by the Marion County Superior Court. The decedent, Jerrett, was a citizen of the United States of America and was at all times relevant to this Complaint a resident of Marion County, Indiana.

**ANSWER:**   Defendants admit Chase Wilson was appointed as a personal representative. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7.

8.      At all times relevant hereto, the City was an official political subdivision of the State of Indiana operating and controlling the IMPD for the purpose of providing public safety and protection to the citizens of Indianapolis.

**ANSWER:**   Defendants the City was a political subdivision and that the IMPD is a department of the City that provides public safety services as alleged in paragraph 8.

9.      At all times relevant hereto, Defendant Kirby was a law enforcement officer, as that term is defined in Ind. Code § 35-41-1-17, and an employee of the IMPD and City who was performing his duties for and acting as an officer of the IMPD in the course and scope of his employment. Kirby was acting under color of state law. He is being sued in his official and individual capacity.

**ANSWER:**   Defendants admit the allegations in the first two sentences of paragraph 9. As to the third sentence in paragraph 9, Defendants admit only that the Estate purports to bring claims for constitutional violations under 42 U.S.C. § 1983 "and various state law claims" against Defendants in this action, and deny any remaining allegations.

## IV.   FACTS

10.      On or about May 28, 2024, Jerrett was walking in the parking lot of an apartment complex in the 9100 block of Cavalier Court, Indianapolis, Indiana, 46235.

**ANSWER:**   Defendants admit the allegations in paragraph 10.

11.      Kirby pulled up to the parking lot, immediately drew his gun, pointed it at Jerrett.

**ANSWER:**   Defendants deny the allegations contained in paragraph 11.

12.      Kirby pursued Jerrett.

4

**ANSWER:**    Defendants admit the allegations in paragraph 12.

13.    As Jerrett was next to a vehicle, Kirby fired approximately 7 shots into Jerrett's back.

**ANSWER:**    Defendants admit Kirby fired at Jerrett but lack knowledge or information sufficient to form a belief about the truth as to the remaining allegations in paragraph 13.

14.    As Kirby pursued Jerrett again on foot, Kirby fired approximately 9 shots at Jerrett's back.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.    Jerrett then collapsed to the ground and Kirby shot Jerrett approximately 2 times as he lay on the ground, and approximately 6 seconds later, Kirby then shot Jerrett 2 more times as he lay on the ground.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.    Jerrett died as a result of the shots fired by Kirby.

**ANSWER:**    Defendants admit the allegations in paragraph 16.

17.    Kirby used excessive, unreasonable, and unnecessary force when he shot and killed Jerrett.

**ANSWER:**    Defendants deny the allegations in paragraph 17.

18.    Kirby, unlawfully and without legal cause, shot and killed Jerrett.

**ANSWER:**    Defendants deny the allegations in paragraph 18.

19.     Kirby's use of deadly force was intentional and objectively unreasonable.

**ANSWER:**   Defendants deny the allegations in paragraph 19.

20.     Kirby violated Jerrett's rights under the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unreasonable search and seizure and from the use of excessive, unreasonable, and unjustified force, including deadly force, against her person.

**ANSWER:**   Defendants deny the allegations in paragraph 20.

21.     Kirby deprived Jerrett of his life in violation of his Constitutional rights.

**ANSWER:**   Defendants deny the allegations in paragraph 21.

22.     Kirby's actions in shooting at and killing Jerrett exhibited reckless and callous indifference to Jerrett's constitutional rights.

**ANSWER:**   Defendants deny the allegations in paragraph 22.

23.     The policies, procedures, and customs of the IMPD led to, permitted, and countenanced the use of excessive, unreasonable, and unnecessary force, including deadly force, by its officers, including but not limited to the IMPD.

**ANSWER:**   Defendants deny the allegations in paragraph 23.

24.     The failure of the IMPD to follow and enforce some of its own internal policies and procedures, including but not limited to the availability of the use of deadly force, led to, permitted, and countenanced the use of excessive,

unreasonable, and unnecessary force, including deadly force, by its officers, including Kirby.

**ANSWER:**   Defendants deny the allegations in paragraph 24.

25.   The policies, procedures and customs of the IMPD led to and caused Kirby's use of excessive, unreasonable, unnecessary and deadly force against Jerrett, deprived Jerrett of his constitutional rights under 42 U.S.C. § 1983, and caused Jerrett's death.

**ANSWER:**   Defendants deny the allegations in paragraph 25.

26.   The failure of the IMPD to follow and enforce some of its own internal policies and procedures, including but not limited to the availability of the use of deadly force, led to and caused Kirby's use of excessive, unreasonable, unnecessary and deadly force against Jerrett, deprived Jerrett of his constitutional rights actionable under 42 U.S.C. § 1983, and caused Jerrett's death.

**ANSWER:**   Defendants deny the allegations in paragraph 26.

27.   The IMPD has failed to institute, maintain and enforce proper procedures for training and re-training its officers relative to the use of force, including deadly force; monitoring and supervising its officers relative to their use of force, including deadly force; and disciplining its officers relative to their use of force, including deadly force all of which constitute a willful and deliberate indifference to and a willful and deliberate disregard of the serious risk of significant harm to members of the public and demonstrate a reckless and callous

7

indifference to the Constitutional rights of members of the public, which led to and caused the death of Jerrett.

**ANSWER:**   Defendants deny the allegations in paragraph 27.

28.     The IMPD has a policy, custom and practice of failing to properly monitor the use of excessive, unreasonable and unnecessary force, including deadly force, by its officers; tolerating and failing to correct the use of excessive, unreasonable and unnecessary force, including deadly force, by its officers; and failing to discipline, retrain or otherwise address and control the use of excessive, unreasonable and unnecessary force, including deadly force, all of which constitute a willful and deliberate indifference to and a willful and deliberate disregard of the serious risk of significant harm to members of the public and demonstrate a reckless and callous indifference to the Constitutional rights of members of the public, which led to and caused the death of Jerrett.

**ANSWER:**   Defendants deny the allegations in paragraph 28.

29.     The failure of the IMPD to properly and adequately review, revise, implement and enforce its policies, procedures and customs relative to investigating and handling the use of deadly force and shooting incidents in which its officers are involved constitutes a willful and deliberate indifference to and a willful and deliberate disregard of the serious risk of significant harm to members of the public and led directly to the continued use of excessive, unreasonable and unnecessary use of excessive and deadly force by its officers and led to and caused the death of Jerrett.

**ANSWER:**  Defendants deny the allegations in paragraph 29.

30.     The facts set out above demonstrate a willful and deliberate indifference to and a willful and deliberate disregard of the serious risk of significant harm to members of the public and a reckless and callous indifference to the Constitutional rights of members of the public on the part of the IMPD, which led to and caused the death of Jerrett.

**ANSWER:**  Defendants deny the allegations in paragraph 30.

31.     The actions of Kirby set forth above were malicious, criminal, and/or willful and wanton.

**ANSWER:**  Defendants deny the allegations in paragraph 31.

## V.     CAUSES OF ACTION

### *State Causes of Action*
COUNT I – Wrongful Death – Battery/Excessive Force
*(Against all Defendants)*

32.     The foregoing paragraphs are incorporated by reference as though fully set forth herein.

**ANSWER:**  Defendants' answers to the foregoing paragraphs are incorporated by reference as though fully set forth herein.

33.     Kirby touched Jerrett recklessly, knowingly, and/or intentionally, in a rude, insolent, and/or angry manner, and without Jerrett's authorization.

**ANSWER:**  Defendants deny the allegations in paragraph 33.

9

34.    Kirby's use of force against Jerrett constituted battery and excessive force.

**ANSWER:**   Defendants deny the allegations in paragraph 34.

35.    As a result of the battery and excessive force, Jerrett died.

**ANSWER:**   Defendants deny the allegations in paragraph 35.

36.    By reason of the death of Jerrett, the Estate is entitled to damages of including, but not limited to, loss of love and companionship, loss of love, care and affection, loss of earnings, medical, hospital, funeral, and burial expenses, and costs and expenses of administration of his estate, including attorney fees.

**ANSWER:**   Defendants deny the allegations in paragraph 36.

37.    In addition, the Estate is entitled to punitive damages from Defendants in a sum sufficient to deter them from engaging in similar conduct in the future, as Defendants, by and through their own actions and that of its agents and/or employees, have engaged in unlawful, grossly negligent, reckless, willful and wanton misconduct that endangered the safety of the public at large as outlined above, including Jerrett, resulting in his death.

**ANSWER:**   Defendants deny the allegations in paragraph 37.

38.    The City is liable for the actions of Kirby.

**ANSWER:**   Defendants deny that any custom, policy or practice resulted in Jerrett experiencing a constitutional violation.  The remaining factual allegations contained in this paragraph are also denied.

## COUNT II - Wrongful Death - Negligence
### *(Against all Defendants)*

39.     The foregoing paragraphs are incorporated by reference as though fully set forth herein.

**ANSWER:**   Defendants' answers to the foregoing paragraphs are incorporated by reference as though fully set forth herein.

40.     At all times relevant, the Defendants owed Jerrett the duty to act with reasonable and due care among other things.

**ANSWER:**   Defendants admit that they owed Jerrett a duty of care and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40.

41.     Defendants breached duties owed to Jerrett.

**ANSWER:**   Defendants deny the allegations in paragraph 41.

42.     Defendants were negligent.

**ANSWER:**   Defendants deny the allegations in paragraph 42.

43.     As a result of Defendants' negligence, Jerrett died.

**ANSWER:**   Defendants deny the allegations in paragraph 43.

44.     By reason of the death of Jerrett, the Estate is entitled to damages of including, but not limited to, loss of love and companionship, loss of love, care and affection, loss of earnings, medical, hospital, funeral, and burial expenses, and costs and expenses of administration of his estate, including attorney fees.

**ANSWER:**   Defendants deny the allegations in paragraph 44.

45. In addition, the Estate is entitled to punitive damages from Defendants in a sum sufficient to deter them from engaging in similar conduct in the future, as Defendants, by and through their own actions and that of its agents and/or employees, have engaged in unlawful, grossly negligent, reckless, willful and wanton misconduct that endangered the safety of the public at large as outlined above, including Jerrett, resulting in his death.

**ANSWER:** Defendants deny the allegations in paragraph 45.

46. The City is liable for the actions of Kirby.

**ANSWER:** Defendants deny that Kirby committed any action that violated any provision of state or federal law as alleged in paragraph 46.

### *Federal Causes of Action*

#### COUNT III - Federal Civil Rights Violations (42 U.S.C. § 1983)
*(Against all Defendants)*

47. The foregoing paragraphs are incorporated by reference as though fully set forth herein.

**ANSWER:** Defendants' answers to the foregoing paragraphs are incorporated by reference as though fully set forth herein.

48. Defendants violated Jerrett's civil rights under the United States Constitution and Title 42 Section 1983 of the United States Code.

**ANSWER:** Defendants deny the allegations in paragraph 48.

49.    The United States Constitution prohibits use of excessive force, freedom from unlawful seizure, and false imprisonment among other things.

**ANSWER:**   Paragraph 49 contains no allegations against the Defendants; thus, no response is necessary. The United States Constitution speaks for itself.

50.    The Due Process Clause of the Fourteenth Amendment of the United States Constitution permits application of the Fourth Amendment to state action.

**ANSWER:**   Paragraph 50 contains no allegations against the Defendants; thus, no response is necessary. The Due Process Clause of the Fourteenth Amendment of the United States Constitution speaks for itself.

51.    42 U.S.C. § 1983 permits a plaintiff to claim relief when they are deprived of a right secured by the Constitution or laws of the United States when the deprivation was visited upon them by persons acting under color of state law.

**ANSWER:**   Paragraph 51 contains no allegations against the Defendants; thus, no response is necessary. 42 U.S.C. § 1983 speaks for itself.

52.    Defendants violated Jerrett's civil rights when they unlawfully seized Jerrett's person, and used unreasonable and excessive force among other things.

**ANSWER:**   Defendants deny the allegations in paragraph 52.

53.    Additionally, the City is liable under *Monell* for the violations of Jerrett's civil rights.

**ANSWER:**   Defendants deny the allegations in paragraph 53.

54.    Jerrett died as a result of the violations of his civil rights.

**ANSWER:**   Defendants deny the allegations in paragraph 54.

13

55.     The Estate is entitled to all damages available under the law from the Defendants for the violations of Jerrett's constitutional rights under 42 U.S.C. § 1983 and his death, as set out herein.

**ANSWER:**   Defendants deny the allegations in paragraph 55.

56.     In addition, The Estate is entitled to punitive damages from Defendants in a sum sufficient to deter them from engaging in similar conduct in the future, as Defendants, by and through their own actions and that of other agents and/or employees of IMPD, have engaged in unlawful, grossly negligent, reckless, willful and wanton misconduct that endangered the safety of the public at large as outlined above, including Jerrett, resulting in his death.

**ANSWER:**   Defendants deny the allegations in paragraph 56.

## VI.    Relief Requested

**Wherefore** Plaintiff, Chase Wilson, as Personal Representative of the Estate of Jerrett Gray Jr., respectfully requests the following relief against each and every Defendant herein, jointly and severally:

A.     All compensatory and exemplary damages available under the law in an amount according to proof and which is fair, just and reasonable;

B.     Punitive damages under 42 U.S.C. § 1983 and Indiana law in an amount according to proof and which is fair, just and reasonable;

14

C.      All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983, 1988, and 12205 and as otherwise may be allowed by Indiana and/or Federal law; and

D.      All other relief found just and proper in the premises.

**ANSWER:** Defendants, by counsel, seek judgment in their favor and against the Estate on all claims, deny they are liable in any way, and seek all other proper relief.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all matters at issue herein.

**ANSWER:** Defendants demand trial by jury.

WHEREFORE, Defendants, by counsel, seek judgment in their favor and against Plaintiff, and for all other proper relief.

FBT Gibbons LLP

By: */s/ Amy Stewart Johnson*

Anthony W. Overholt #16481-49
Amy Stewart Johnson, #16257-49

*Attorneys for Defendants*

15

## AFFIRMATIVE DEFENSES

Defendants Consolidated City of Indianapolis and Marion County and Austin Kirby, ("Defendants"), by counsel, assert the following affirmative defenses:

1. Defendants deny all allegations in Plaintiff's Complaint that are not specifically admitted.

2. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. Defendants are entitled to any statutory and common law immunity applicable to Plaintiff's claims under federal and state law, including qualified immunity and law enforcement immunity.

4. Plaintiff's claims under *Monell*, if any, are barred to the extent he has failed to properly state a claim.

5. Defendants acted in good faith at all times and had reasonable grounds for believing that their actions did not violate any applicable laws.

6. To the extent that Plaintiff's claims are barred by the statute of limitations, doctrine of laches, waiver, estoppel, justification, fraud, and/or Plaintiff's decedent's own actions, inactions, or omissions, such doctrines are pled as defenses to Plaintiff's action.

7. Indiana Code § 34-51-4-4 bars any claim for prejudgment interest.

8. The Indiana Tort Claims Act limits the amount of Plaintiff's recovery, if any, on state law claims.

9. Plaintiff's decedent is contributorily at fault.

10. Plaintiff is barred from asserting punitive damages against the Consolidated City of Indianapolis and Marion County under both state and federal law and is barred from asserting any damages claim against Defendant Kirby under state law.

FBT GIBBONS LLP

By: */s/ Amy Stewart Johnson*
Anthony W. Overholt #16481-49
Amy Stewart Johnson, #16257-49

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Amy Stewart Johnson*

FBT Gibbons LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN  46244-0961
Telephone:   (317) 237-3800
Facsimile:   (317) 237-3900
aoverholt@fbtgibbons.com
asjohnson@fbtgibbons.com

LR02314.0754710  4900-3701-8039v1

17